UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP LIGHTFOOT,

        Plaintiff,              Case Number: 2:11-CV-11183

v.                                    HONORABLE SEAN F. COX
                                     UNITED STATES DISTRICT JUDGE

MDOC PAROLE BOARD, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Philip Lightfoot, presently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Although the complaint is somewhat difficult to follow, Plaintiff's claims appear to concern his alleged detention beyond the expiration of his sentence, interference with his right of access to the courts, prison officials' retaliatory acts, and parole board procedures. Plaintiff seeks monetary and injunctive relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

I.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

II.

First, Plaintiff claims that he is being held beyond the expiration of his sentence. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481, (1994), *citing* Preiser, 411 U.S. at 488-90 (1973). If a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486-87. Plaintiff claims that he is being wrongfully incarcerated beyond the expiration of his sentence. A finding in Plaintiff's favor would call into question his continued incarceration. Therefore, this claim fails to

3

state a claim upon which relief may be granted under § 1983.

Next, Petitioner claims that defendants have interfered with his right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). For a prisoner to prevail on an access to the courts claim the prisoner "must plead and prove prejudice stemming from the asserted violation. . . . Plaintiffs [must] allege [a] litigation-related detriment." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff makes no such showing. He neither alleges nor establishes prejudice, i.e., that any of his constitutionally guaranteed legal proceedings have been compromised by any asserted deficiencies at the prison. He has thus failed to state a claim that his constitutional right of access to the courts has been denied.

Plaintiff also alleges that he has been subjected to retaliation. Government officials may not retaliate against someone for engaging in constitutionally-protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X*, 175 F.3d at 388. A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an

adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* at 394. The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not satisfied his burden. He merely asserts, in conclusory fashion, that the defendants retaliated against him. He does not support this assertion. For example, he does not allege facts which show an improper motive or a causal connection between any constitutionally-protected activity and retaliatory conduct. As noted, conclusory allegations are insufficient to state a § 1983 claim, *see Lanier*, 332 F.3d at 1007; *see also Iqbal*, 129 S. Ct. at 1949, and bare allegations of malice are insufficient to establish a constitutional violation. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (citing cases). Plaintiff has failed to state a retaliation claim in his complaint.

Finally, Plaintiff challenges parole procedures. He does not, however, identify any procedures which violate his rights or specify any ways in which their application to his case violated his rights. Plaintiff's conclusory allegation is insufficient to state a claim under § 1983.

III.

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court DISMISSES WITH PREJUDICE the complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.

Dated: April 19, 2011                                  S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Court Judge


I hereby certify that on April 19, 2011, the foregoing document was served upon counsel of record by electronic means and upon Philip Lightfoot by First Class Mail at the address below:

Philip Lightfoot
221323
Parnall Correctional Facility
1780 E. Parnall
Jackson, Mi 49201

Dated: April 19, 2011                                  S/ Jennifer Hernandez
                                                       Case Manager